UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARC G. BARBE | CIVIL ACTION |
| v. | NO. 18-14037 |
| AMERICAN MODERN HOME INSURANCE COMPANY | SECTION "F" |

ORDER AND REASONS

Before the Court is American Modern Home Insurance Company's motion to dismiss the plaintiff's second amended complaint for failure to state a claim. For the reasons that follow, the motion is GRANTED.

**Background**

This lawsuit concerns allegations that a mortgage servicing company and an insurance carrier conspired to issue a force-placed insurance policy with inflated premiums and to withhold policy proceeds.

Marc Barbe and his wife, Renada, are the mortgagors of a home located in Metairie, Louisiana. Ocwen Loan Servicing, LLC services their mortgage. Pursuant to the mortgage agreement, the Barbes are required to insure the property, and if they fail to maintain appropriate coverage, Ocwen is permitted to obtain insurance at their expense. By letter dated December 31, 2015, Ocwen advised Mr. Barbe that it had not received proof of coverage, as required

1

by the mortgage, and had therefore renewed a lender-placed policy at his expense.  Ocwen also encouraged Barbe to obtain his own policy and warned about the cost of lender-placed coverage.  Finally, Ocwen attached to the letter a copy of the policy it had obtained from American Modern Home Insurance Company, which named Ocwen as the "insured" and the Barbes as "borrowers."

On August 5, 2016, high velocity winds damaged the Barbes' roof and exterior elevations, which allowed water to infiltrate the home and damage the ceilings, walls, floors, and fixtures.  After assessing the damage, the Barbes notified American Modern and filed a claim under the policy.

Displeased with the manner in which their claim was handled, the Barbes sued American Modern Home Insurance Company and Ocwen Loan Servicing, LLC in Louisiana state court on August 3, 2018.  Asserting various causes of action sounding in contract and tort, the Barbes alleged that: (1) American Modern breached the insurance policy and engaged in bad faith claims adjusting practices under Louisiana law, (2) Ocwen breached the mortgage agreement by overcharging for the insurance policy and by failing to help them pursue insurance proceeds, and (3) American Modern and Ocwen conspired to overcharge for the policy.  After removing the lawsuit to this Court, the defendants moved to dismiss the plaintiffs' petition for failure to state a claim.  On February 19, 2019, the

plaintiffs were granted leave to file an amended complaint, and the defendants' motions to dismiss were denied as moot.

In his first amended complaint[1], Mr. Barbe asserted that he is an insured or third-party beneficiary under the American Modern policy, such that the insurer is liable to him for breaching the terms of the policy and for engaging in bad faith claims adjusting practices. With respect to Ocwen, Barbe alleged that his mortgage servicer breached the mortgage agreement by overcharging for the insurance policy and by failing to help him pursue policy proceeds. Barbe also claimed that American Modern and Ocwen engaged in a conspiracy, in which Ocwen would pass along an inflated premium to the Barbes and receive "kickbacks" from American Modern. Finally, he asserted an unjust enrichment claim against each defendant for their role in the alleged kickback scheme.

Once again, the defendants moved to dismiss Mr. Barbe's amended complaint for failure to state a claim. On May 22, 2019, the Court granted the motions to dismiss with prejudice, as to the plaintiff's unjust enrichment claims, and without prejudice, as to his breach of contract and tort claims. Finding that the viability of Mr. Barbe's claims against American Modern hinge on his status as a third-party beneficiary under the policy, the Court offered the plaintiff "one final opportunity to amend his complaint to

---

[1] Meanwhile, on April 23, 2019, plaintiff Renada Barbe voluntarily dismissed her claims against both defendants with prejudice.

3

allege facts demonstrating that the value of his insurance claim exceeds the current balance on his mortgage, if he can in good faith do so."

In his second amended complaint, the plaintiff reproduces his first amended complaint nearly verbatim but removes allegations of a civil conspiracy. Mr. Barbe also pleads two additional allegations concerning the value of his interest in the property: (1) as of July 2013, he owed $140,126.41 on the mortgage; and (2) in a matter currently pending in state court, Ocwen alleges that Barbe has breached the Loan Modification Agreement, but Barbe "vigorously denies any obligation on the loan or mortgage to Ocwen or any other party or entity."

American Modern, the only defendant remaining in this action,[2] now moves to dismiss the plaintiff's second amended complaint.

I.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is

---

[2] On July 5, 2019, upon the joint motion of Mr. Barbe and Ocwen, all claims asserted against Ocwen in the plaintiff's second amended complaint were dismissed without prejudice.

4

warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A]

5

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

II.

"To state a claim under an insurance policy, the plaintiff must be a named insured, an additional named insured, or an intended third-party beneficiary of the policy." Guthrie Brown v. Am. Modern Home Ins. Co., No. 16-16289, 2017 U.S. Dist. LEXIS 80057, at *10-11 (E.D. La. May 25, 2017) (Lemmon, J.) (citing Williams v. Certain Underwriters of Lloyd's of London, 398 F. App'x 44, 47 (5th Cir. 2010)). Under Louisiana law, a contract for the benefit of a third party is referred to a stipulation *pour autrui*. See Joseph v. Hosp. Serv. Dist. No. 2 of the Parish of St. Mary, 939 So. 2d 1206, 1211 (La. 2006). The Louisiana Supreme Court has articulated three criteria for determining whether a contract stipulates a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." Id. at 1212. The state high court has emphasized that a "stipulation *pour autrui* is never presumed" and that "[t]he party claiming the benefit bears the burden of proof." Id.

6

In considering force-placed insurance policies nearly identical to the one at issue here,[3] other Sections of this Court have held that a borrower whose insurance claim does not exceed the value of the lender's interest in the property does not qualify as a third-party beneficiary under the policy. See Guthrie Brown, 2017 U.S. Dist. LEXIS 80057, at *14-17; Lee v. Safeco Ins. Co. of Am., No. 08-1100, 2008 U.S. Dist. LEXIS 69817, *9-16 (E.D. La. July 2, 2008). Notably, in Guthrie Brown v. American Modern Home Insurance Co., another Section of this Court dismissed a breach of contract claim against American Modern, without prejudice, where the borrowers' complaint contained "no information regarding the amount of [the] insurance claim against American Modern or [the borrowers'] mortgage balance." 2017 U.S. Dist. LEXIS 80057, at *14-16. In granting American Modern's motion to dismiss, Judge Lemmon reasoned:

> Without allegations demonstrating that the condition requiring American Modern to pay plaintiffs was triggered, i.e., that the amount of the loss exceeds the mortgage balance, plaintiffs' complaint does not sufficiently allege that there was a stipulation *pour autrui*, and plaintiffs have not stated a claim against American Modern for breaching the insurance contract.

---

[3] The American Modern policy here designates Ocwen as the named insured and refers to Ocwen as "you" and "your." The "Loss Payable" provision of the policy provides that any loss "shall be made payable to you as your interest appears." Paragraph AA(2) of the policy, in turn, states: "If we pay you for any loss and do not pay the mortgagor . . . ." When read together, these provisions reveal that the policy contemplates payment of any benefits in excess of Ocwen's interest in the property to the Barbes.

7

Id. at *15-16. Ultimately, when the Guthrie Brown plaintiffs failed to plead facts in their second amended complaint demonstrating that the claimed property damage exceeded their current mortgage balance, the court dismissed their third-party beneficiary claim against American Modern with prejudice. Guthrie Brown v. Am. Modern Home Ins. Co., No. 16-16289, 2017 U.S. Dist. LEXIS 116842, at *4-6 (E.D. La. July 26, 2017).

Like the plaintiffs in Guthrie Brown, Mr. Barbe was granted leave to amend his complaint (for a second time) to plead facts that, if proved, would demonstrate that the value of the damage to his home exceeds his current mortgage balance. Mr. Barbe filed his second amended complaint on June 21, 2019.

III.

American Modern now moves, for a third time, to dismiss Mr. Barbe's breach of contract and bad faith insurance practices claims for failure to state a claim. The defendant contends that Barbe's second amended complaint fails to comply with this Court's May 22, 2019 Order and Reasons and continues to fall short of the Rule 8 pleading requirement. Once again, the Court agrees.

*A.*

With respect to third-party beneficiary status, Mr. Barbe pleads the following allegations in his second amended complaint:

> 14. In this particular instance, Marc Barbe entered into a Loan Modification Agreement with Ocwen on March 26, 2012. As part of the loan modification, and after

8

a "Trial Period" was completed, the amount owed on the mortgage dropped to $149,150.00. By July of 2013, the amount owed on the mortgage was $140,126.41.

15. The total insured damage to the Property is, at a minimum $158,389.81. Barbe alleges that the amount of damage actually exceeds this amount. In addition to undercompensated damages from the initial loss, the Property has suffered additional incidental damages because of AMHIC's refusal to adjust and pay this claim in good faith.

16. As such, the amount of the loss to the Property exceeds the mortgage balance.

17. Ocwen has subsequently alleged that Barbe breached the terms and conditions of the Loan Modification Agreement. However, that matter is currently in dispute in Louisiana State Court, and Barbe vigorously denies any obligation on the loan or mortgage to Ocwen or any other party or entity.

In a nutshell, Mr. Barbe now alleges that, as of July 2013, he owed $140,126.41 on his mortgage. The plaintiff also acknowledges that Ocwen has initiated foreclosure proceedings in state court but maintains that he "vigorously denies any obligation on the loan or mortgage."

*B.*

Accepting the complaint's *factual* allegations as true, Mr. Barbe's mortgage balance as of July 2013 was $140,126.41, which exceeds the value of damage to his home.[4] But the complaint is

---

[4] With respect to property damage, Mr. Barbe alleges that American Modern's initial estimate of $11,895.48 (ACV)/$12,360.56 (RCV) and subsequent estimate of $7,303.08 (ACV)/$8,475.59 (RCV) were "grossly inadequate," in that "[a]dditional necessary repairs would cost Plaintiff in excess of $139,191.25."

9

devoid of any factual allegations concerning the mortgage balance beyond July 2013. Although Mr. Barbe asserts that he now "vigorously denies any obligation on the loan or mortgage," he fails to plead the current "disputed" balance or the factual underpinnings for such dispute.

Without pleading the current balance on his mortgage or the basis under which he "vigorously denies any obligation on the loan or mortgage," Mr. Barbe fails to raise a right to relief beyond the speculative level. See Twombly, 550 U.S. at 555. The sparse factual predicate alleged simply does not allow the Court to draw the reasonable inference that Barbe's current interest in the property exceeds the value of the damage claimed under the American Modern insurance policy. See Iqbal, 556 U.S. at 678.

Accordingly, IT IS ORDERED: that American Modern's third motion to dismiss is GRANTED. Because Mr. Barbe has been afforded no less than two opportunities to remedy his pleading deficiencies, his claims are hereby dismissed with prejudice.

New Orleans, Louisiana, July 25, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE